UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-14031-CR-CANNON/MAYNARD

UNITED STATES OF AMERICA

vs.

NICHOLAS ANTONIO ZAMUDIO-HERNANDEZ,

    Defendant.
    _____/

**PLEA AGREEMENT**

    The United States Attorney's Office for the Southern District of Florida ("this Office") and Nicholas Antonio ZAMUDIO-Hernandez (hereinafter referred to as the "defendant") enter into the following agreement:

    1.    The defendant agrees to plead guilty to Count One of the Indictment, which count charges the defendant with production of visual depictions involving the sexual exploitation of minors, in violation of Title 18, United States Code, Section 2251(a), and to Count Two of the Indictment, which count charges the defendant with possession of visual depictions involving the sexual exploitation of minors, in violation of Title 18, United States Code, Section 2252(a)(4)(B) and (b)(2).

    2.    The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the

advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant also understands and acknowledges that for Count One, the Court must impose a minimum term of imprisonment of 15 years and may impose a statutory maximum term of imprisonment of up to 30 years, followed by a term of supervised release of 5 years up to life. The defendant also understands and acknowledges that for Count Two, the Court may impose a statutory maximum term of imprisonment of up to 20 years, followed by a term of supervised release of 5 years up to life. These sentences of imprisonment may be run consecutively, for a total sentence of 50 years' imprisonment. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 for each count. The Court may order forfeiture and must order restitution as outlined below.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall

be paid at the time of sentencing. If the defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

5. The defendant further understands and acknowledges that, for Counts One and Two, pursuant to Title 18, United States Code, Section 3014, the defendant is required to pay an additional special assessment in the amount of $5,000 if he is sentenced by December 31, 2021, or if Congress extends the special assessment beyond its current expiration date of December 31, 2021.  If the special assessment applies and Defendant is indigent, or otherwise financially unable to pay this special assessment amount, the Defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reason for the Defendant's failure to pay.  The defendant agrees that this special assessment shall not be payable until the defendant has satisfied all outstanding court-ordered fines, orders of restitution, and any other obligation related to victim-compensation arising from the criminal conviction, upon which this special assessment is based.

6. The defendant understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, pursuant to 18 U.S.C. §§ 2259 and 2259A, the Court shall order the defendant to pay restitution because he is pleading guilty to an offense under Chapter 110.  The parties agree that any restitution ordered by the Court under 18 U.S.C. §§ 2259 and 2259A shall include defendant's total offense conduct.

7. Pursuant to 18 U.S.C. § 3663A(a)(3), the parties agree that restitution is not limited to Counts One and Two, the offenses of conviction in this case.  The defendant agrees to pay restitution to any victims identifiable prior to the imposition of sentence, even if not listed in the Indictment, which represents the full amount of those victims' losses as that term is defined in 18

3

U.S.C. § 2259(b). The defendant further agrees that restitution is due pursuant to 18 U.S.C. § 3663A(c)(1), for offenses and identifiable victims who have suffered a physical injury or pecuniary loss other than those he is pleading guilty to, but nonetheless gave rise to this plea agreement.

8.  The parties further understand and acknowledge that the amount of restitution the defendant will be ordered to pay will be calculated pursuant to 18 U.S.C. §§ 2259 and 2259A. The defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw the defendant's guilty plea. The defendant acknowledges that the Court may not decline to award restitution because of the defendant's economic circumstances or the fact that the victims have, or are entitled to, receive compensation for their injuries from the proceeds of insurance or any other source.

9.  The defendant further agrees to forfeit to the United States voluntarily and immediately all property constituting, or derived from proceeds obtained, directly or indirectly, as a result of the violations, and any property used, or intended to be used, in any manner or part, to commit or facilitate the commission of the violations. This property includes, but is not limited to:

   a. One (1) white iPhone, S/N FFWD23AXN72K;

   b. One (1) gray Motorola phone, MEID 99000751006254;

   c. One (1) silver Samsung Galaxy phone, IMSI 310260071548387 ; and

   d. One (1) silver HP laptop computer, S/N 5CG838695C.

10. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses

committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

11. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

12. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the

defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

13. The defendant understands that by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout the defendant's life. The defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to the defendant's name, place of residence, employment, or student status, or other relevant information. The defendant shall comply with requirements to periodically verify in person the defendant's sex offender registration information. The defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If the defendant resides in Florida following release from prison, the defendant will be subject to the registration requirements of F.S. 775.21 and F.S. 943.0435. The defendant further understands that, under 18 U.S.C. § 4042(c), notice will be

provided to certain law enforcement agencies upon the defendant's release from confinement following conviction.

14. As a condition of supervised release, the defendant shall initially register with the state sex offender registration in Florida, and shall also register with the state sex offender registration agency in any state where the defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update the defendant's registration information. The defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

15. The defendant acknowledges that he has fully discussed the matters of this plea agreement and his guilty plea pursuant thereto with his attorney, and that his attorney has answered each of his questions about the strength of the government's case as well as the following rights: to go to trial; to cross-examine the government's witnesses; to testify on his own behalf; to not be compelled to provide self-incriminating testimony; to call witnesses for the defense; and, to appeal any adverse verdict that may result from a trial. The defendant further acknowledges that he is fully satisfied with the representations provided by his attorney.

16. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

Date: Oct. 6, 2021    By: _____
                           JUSTIN L. HOOVER
                           ASSISTANT UNITED STATES ATTORNEY

Date: 10-7-2021       By: _____
                           PANAYOTTA AUGUSTIN-BIRCH
                           ATTORNEY FOR DEFENDANT

Date: 10-19-21        By: _____
                           NICHOLAS ZAMUDIO-HERNANDEZ
                           DEFENDANT