UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-14031-CR-CANNON/MAYNARD

UNITED STATES OF AMERICA

vs.

NICHOLAS ANTONIO ZAMUDIO-HERNANDEZ,

    Defendant.
_____/

**FACTUAL PROFFER**

    COMES NOW, the United States of America, by and through its undersigned Assistant United States Attorney, and Nicholas Antonio ZAMUDIO-Hernandez ("Defendant"), together with his counsel, admits the government can prove the allegations contained within the Indictment, which charges the defendant with production of visual depictions involving the sexual exploitation of minors, in violation of Title 18, United States Code, Section 2251(a), and possession of visual depictions involving the sexual exploitation of minors, in violation of Title 18, United States Code, Section 2252(a)(4)(B) and (b)(2). The defendant also stipulates that those allegations, elements of the crime and the following recitation of the facts shall constitute the underlying factual basis for the entry of a plea of guilty in this case:

    In June of 2021, the Department of Homeland Security ("DHS"), Homeland Security Investigations ("HSI"), received multiple tips from the National Center of Missing and Exploited Children ("NCMEC"). These reports indicated that an individual had uploaded child pornography to Google and Instagram servers; these accounts had associated emails including nickthedemonking1243@gmail.com and nickzamudio12@yahoo.com. After issuing subpoenas and conducting other background investigation, HSI Special Agent ("SA") Eric Urgo obtained a

federal search warrant for Defendant's residence in Vero Beach, Indian River County, in the Southern District of Florida (21-048-WM).

This search warrant was executed on July 29, 2021, and Defendant was located on scene. During the search, SA Urgo conducted a post-<u>Miranda</u> interview of Defendant. Defendant admitted being the user of the aforementioned Google and Instagram accounts, uploading child pornography to his Google account, and receiving child pornography images.

SA Urgo asked Defendant if he had previously engaged in sexual activity with minors, and Defendant answered that he had. Defendant admitted that, two days before the interview, he "bribed" Victim 1 to engage in oral sex with him and video recorded the incident on his cell phone. Defendant provided the name and address of Victim 1, who is a child under the age of thirteen. A preliminary review of Defendant's cell phone revealed seven photographs and two videos of Victim 1. In the videos, Victim 1 is engaged in oral sex with Defendant as Defendant recorded the incident. Defendant also described taking a photograph of this child's genital area; the aforementioned seven photographs are still pictures focused on Victim 1's genital area. These videos and photographs were produced on or about July 27, 2021, in Fort Pierce, St. Lucie County, in the Southern District of Florida.

Later on July 29, 2021, SA Urgo located the mother of Victim 1 and confirmed that Victim 1 is under the age of thirteen. Victim 1 also confirmed the incident involving Defendant.

A forensic review of Defendant's cell phones revealed approximately 70 images of other child pornography, including images of sexual abuse of infants and toddlers, and torture of a child.

Defendant's cell phones, which contained the images and videos, were made outside of the United States. The Apple iPhone was made in China, and the Samsung Galaxy was made in Vietnam.

Regarding Count One, the parties agree that these facts, which do not include all the facts known to the government and the defendant, are sufficient to prove that: (i) an actual minor, that is, a real person who was less than 18 years old, was depicted; and (ii) Defendant used, persuaded, induced, enticed, or coerced the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct; and (iii) the visual depiction was produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer, in violation of Title 18, United States Code, Section 2251(a).

*-This space intentionally left blank-*

Regarding Count Two, the parties agree that these facts, which do not include all the facts known to the government and the defendant, are sufficient to prove that: (i) Defendant knowingly possessed one or more films, video tapes, or other matter containing a visual depiction; (ii) the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct; (iii) the visual depiction was of a minor engaging in sexually explicit conduct; (iv) Defendant knew the visual depiction involved a minor engaging in sexually explicit conduct; (v) the visual depictions had been transported using any means or facility of interstate commerce or in or affecting interstate commerce, or were produced using materials which have been mailed or so shipped or transported, by any means including by computer; and (vi) a visual depiction involved in the offense involved a prepubescent minor and a minor who had not attained twelve (12) years of age, in violation of Title 18, United States Code, Section 2252(a)(4)(B) and (b)(2).

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

Date: Oct. 6, 2021          By: _____
                                 JUSTIN L. HOOVER
                                 ASSISTANT UNITED STATES ATTORNEY

Date: 10-7-2021             By: _____
                                 PANAYOTTA AUGUSTIN-BIRCH
                                 ATTORNEY FOR DEFENDANT

Date: 10-15-21              By: _____
                                 NICHOLAS ZAMUDIO-HERNANDEZ
                                 DEFENDANT