UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-14031-CR-CANNON/MAYNARD

UNITED STATES OF AMERICA

vs.

NICHOLAS ANTONIO ZAMUDIO-HERNANDEZ,

    Defendant.
_____/

### UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR VARIANCE AND SENTENCING MEMORANDUM

Comes now the United States of America, by and through the undersigned Assistant United States Attorney, and hereby responds to Nicholas Antonio ZAMUDIO-HERNANDEZ' ("Defendant") motion for downward variance and sentencing memorandum (DE 47). Defendant requests a sentence below the advisory sentencing guidelines; the government objects to Defendant's request, and provides this memorandum in support.

### BACKGROUND[1]

In June of 2021, the Department of Homeland Security ("DHS"), Homeland Security Investigations ("HSI"), received multiple tips from the National Center of Missing and Exploited Children ("NCMEC"). These reports indicated that an individual had uploaded child pornography to Google and Instagram servers. After issuing subpoenas and conducting other background investigation, HSI Special Agent ("SA") Eric Urgo obtained a federal search warrant for Defendant's residence in Vero Beach, Florida (21-048-WM), which was executed on July 29, 2021.

---

[1] As the presentence investigation report ("PSI") provides a detailed factual background of the case (DE 46), this memorandum will not repeat each fact.

During the search, SA Urgo conducted a post-<u>Miranda</u> interview of Defendant. Defendant admitted to uploading child pornography to his Google account, as well as receiving child pornography images.

SA Urgo asked Defendant if he had previously engaged in sexual activity with minors, and Defendant answered that he had. Defendant admitted that, two days before the interview, he "bribed" Victim 1 to engage in oral sex with him. Defendant provided the name and address of Victim 1, who is a child under the age of thirteen, and admitted that he recorded the incident on his cell phone. A preliminary review of the cell phone revealed seven photographs and two videos of Victim 1. In the videos, this child is engaged in oral sex with Defendant. Defendant also described taking a photograph of this child's genital area, and similar photographs were found in his cell phone as well.

That same day, SA Urgo located the mother of Victim 1 and confirmed that Victim 1 was under the age of thirteen.

A forensic review of Defendant's cell phones revealed over 70 images of other child pornography, including images of sexual abuse of infants and toddlers, and torture of a child. Agents also recovered chats in which Defendant expressed a desire to sexually abuse a baby.

During his interview on the day of the search warrant, Defendant admitted to previously engaging in sexual activity with Victim 1. According to Defendant, the first time this occurred was in May of 2021, and it involved the same sexual acts as those captured in the video recording. However, later in the interview, Defendant stated that the first incident involving Victim 1 was 1-2 years before.

The following day, July 30, 2021, Victim 1 was interviewed by a forensic interviewer with HSI. During that interview, Victim 1 stated that Defendant "tried to rape" her approximately two

years before.  Victim 1 then described other incidents in which Defendant sexually abused her.

In February of 2017, when Victim 1 was seven years old, Victim 1 reported to DCF and law enforcement that Defendant had touched her private area inappropriately.  Defendant was 14 years old at the time, and law enforcement found "insufficient evidence to support the allegation." In August of 2017, Victim 1 again reported to DCF that she had been sexually abused by Defendant.

In July of 2016, nine-year-old Victim 2 reported to DCF that Defendant had touched her breast and genital area.  At the time, Defendant was 14 years old.

Defendant pled guilty as charged in the Indictment to production of child pornography and possession of child pornography (DE 34).  Defendant now moves for a downward variance from the sentencing guideline range, which is 360-600 months (PSI, ¶ 78).

## ANALYSIS

Under 18 U.S.C. § 3553(a), the Court must impose a sentence sufficient, but not greater than necessary, to comply with the sentencing purposes laid out by Congress.  While the Court shall consider all of the § 3553(a) factors in determining a sentence, the following will address those factors that are, in the government's view, most relevant:

1. <u>The nature and circumstances of the offense.</u>

It is difficult to completely capture the harm that Defendant has caused, and that harm might not be fully realized for Victim 1 until later in life.

Defendant had a unique association with Victim 1, as described in the PSI (PSI, ¶ 15). Defendant had access to Victim 1 and, to those in the community, Defendant would naturally appear to have Victim 1's best interests at heart.  While this relationship should have been one of

support and guidance for Victim 1, it also placed Victim 1 in a place of vulnerability. Defendant knew this, and he exploited Victim 1 and her vulnerability for his own depraved impulses.

Going back approximately two years, Defendant sexually abused Victim 1. Victim 1 had told people about Defendant, but nothing changed. This created a situation in which Defendant had access to Victim 1, and both Defendant and Victim 1 knew that she had no real way out.

It is tough to imagine how Victim 1 could have a normal, trusting relationship with anyone going forward. While Defendant's sexual abuse of Victim 1 has come to an end, the emotional and psychological damage Defendant caused will long be present in Victim 1's life.

It is also difficult to understand how Defendant could look at a child of Victim 1's age, considering the nature of their relationship, and decide to abuse and degrade her to this degree.

But Defendant's violations extend beyond Victim 1. Defendant also possessed many images of other children, including infants and toddlers, being sexually abused and/or tortured. Defendant participated in a market that causes children all over the world to be raped and tortured; as long as there is demand in this market, there will be supply.

Defendant's crimes are heinous and shocking, and his sentence should so reflect.

2. The history and characteristics of the defendant.[2]

As outlined in the PSI, Defendant's youth involved sadness and tragedy, much of which also affected Victim 1. Defendant also reported that he was subjected to sexual abuse as a child; but even understanding the pain and effects of being abused, Defendant visited this same kind of abuse on a child for whom he was supposed to care.

---

[2] As mentioned in Defendant's motion for variance, Defendant underwent a psychological evaluation. As that evaluation has been sealed by the Court, the government will address it at the sentencing hearing.

3. <u>The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.</u>

As outlined above, Defendant's conduct is reprehensible and deserving of a strong response from the Court in order to satisfy these sentencing goals.

4. <u>The need for the sentence imposed to afford adequate deterrence to criminal conduct.</u>

Defendant and Victim 1 found themselves in a situation in which it was very unlikely that someone was going to intervene in Victim 1's favor. A strong sentence is needed in this case, so that for the next individual who might have intentions similar to those of Defendant, the prospect of a lengthy prison sentence might stop the abuser.

5. <u>The need for the sentence imposed to protect the public from further crimes of the defendant.</u>

Defendant is nineteen years old and has a long life ahead of him. Given the cruelty that he has demonstrated, a lengthy sentence is needed to protect the public from Defendant.

6. <u>The advisory guideline range.</u>

Defendant argues that the guidelines include permissible double-counting (DE 47:5-6). The guidelines provide for a five-level enhancement for Defendant engaging in a pattern of activity involving prohibited sexual conduct under Section 4B1.5(b) of the United States Sentencing Guidelines ("USSG") (PSI, ¶ 42). Defendant's argument is that Section 4B1.5(b) addresses the same conduct as the base offense level under Section 2G2.1, and although this double-counting is permissible, it justifies a downward variance (DE 47:6).

Section 4B1.5(b) addresses a different kind of harm than that addressed by the base offense level found in Section 2G2.1. While Section 2G2.1 addresses the offense of production of child pornography, Section 4B1.5(b) addresses the fact that Defendant sexually abused Victim 1 multiple times, and not just once. Thus, the five-level enhancement is entirely reasonable based

on the facts of this case.

There are also important sentencing factors in this case that the guidelines do not include. For instance, in addition to the images that Defendant created, he also possessed images containing the sexual abuse of infants and toddlers (DE 35:2). Also, at least one of the images Defendant possessed depicted a child being tortured (DE 35:2). If Defendant were being sentenced under Section 2G2.2 of the guidelines, which applies to possession of child pornography and other related offenses, each of these factors would result in a guideline enhancement. U.S.S.G. § 2G2.2(b)(2) and (4). The current guidelines also do not account for Defendant's participation in the child pornography market, including his admission to uploading child pornography to his Google account, and his sending and receiving child pornography online (PSI, ¶ 12).

7. <u>The need to avoid unwarranted sentence disparities.</u>

Defendants in this District have received significant sentences for conduct from which analogies can be drawn in the instant case. For example, in <u>United States v. Mobley</u>, 711 F. App'x 547 (11th Cir. 2017), the 24-year-old defendant pled guilty to four counts of producing child pornography and two counts of distributing child pornography, and was sentenced to 45 years in prison. Mobley had met the 14-year-old victim while he was the child's youth pastor, and then later filmed himself and the victim engaging in sexual activities; the court also noted that Mobley had similarly abused another minor. <u>Id.</u> at 549-51.

In addition, in <u>United States v. Austin</u>, 19-14016-CR (S.D. Fla. 2019) (Rosenberg, J.), the defendant pled guilty to production of child pornography and was sentenced to 30 years in prison (<u>Austin</u>, DE 68). In that case, Austin had sexually abused the 11-year-old daughter of his girlfriend (<u>Austin</u>, DE 49). In <u>United States v. Gauthier</u>, 14-14066-CR (S.D. Fla. 2015) (Martinez, J.), the defendant pled guilty to production of child pornography and was sentenced to 30 years in prison

(Gauthier, DE 52, 75). In Gauthier, the defendant had, on multiple occasions, video recorded two 15-year-old minors engaging in sexual activities (Gauthier, DE 51).

Defendant points to several cases in which defendants were convicted of heinous offenses involving the sexual abuse of children, and were given 30-year sentences (DE 47:9-10). It should be noted, however, that in each of the following cited cases, the statutory maximum sentence was 30 years. See United States v. Dean, 635 F.3d 1200, 1210 (11th Cir. 2011) (advisory guideline sentence was life, but adjusted to the maximum sentence of 30 years); United States v. Irey, 612 F.3d 1160, 1169-70 (11th Cir. 2010) (advisory guideline sentence was life, but statutory maximum was 30 years); United States v. Fox, 926 F.3d 1275, 1277 (11th Cir. 2019) (advisory guideline sentence was life, but adjusted to the statutory maximum of 30 years); United States v. Harrelson, 781 F. App'x 841, 842 (11th Cir. 2019) (advisory guideline sentence was life, but adjusted to the statutory maximum of 30 years).

## CONCLUSION

For the aforementioned reasons, the United States respectfully requests that this Court issue a sentence within the advisory guideline range.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By: *s/Justin L. Hoover*
    Justin L. Hoover
    Court ID A5502493
    Assistant United States Attorney
    Justin.Hoover@usdoj.gov
    United States Attorney's Office
    101 South US Highway 1, Suite 3100
    Fort Pierce, Florida 34950
    Telephone:  772-466-0899

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on January 3, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF to be served on all parties.

                *s/Justin L. Hoover*
                Justin L. Hoover
                Assistant United States Attorney